(No. 30477.

ROBERT KOUBENEC *et al.,* Appellees, *vs.* RALPH MOORE, Appellant.

*Opinion filed March 18, 1948.*

HEMPSTEAD & GREEN, of St. Charles, for appellant.

J. PAUL KUHN, of Aurora, and WILLIAM C. ATTEN, of Wheaton, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is an appeal by the defendant, Ralph Moore, from a decree of the circuit court of Kane County, which enjoined him from obstructing, in any manner, a driveway or roadway which ran over a portion of his premises and

connected with premises owned by the plaintiffs, said decree finding that the plaintiffs had an easement therein and ordering that the defendant remove certain obstructions which he had placed in said driveway. The defendant seeks to have said decree reversed on the ground that the court erred in its construction of a certain agreement between him and his deceased brother, Joseph W. Moore, regarding the use of a portion of Ralph Moore's premises for said driveway. He contends that the agreement constituted merely a revocable license and did not create an easement. An easement such as the one in question is a freehold estate and this court has jurisdiction on direct appeal. *Wessels* v. *Colebank,* 174 Ill. 618.

The complaint filed by the plaintiffs alleges that they are the owners of certain premises which are adjacent to the premises owned by Ralph Moore, which premises they purchased from the widow of Joseph W. Moore, the deceased brother of Ralph Moore. They alleged that at one time the entire properties involved in this proceeding were owned by Joel McKee and that thereafter Ralph Moore and Joseph W. Moore inherited said entire property from their mother who had received the property from Joel McKee. It was then alleged that in 1941 Ralph Moore and Joseph W. Moore divided said premises between them, Joseph W. Moore taking the premises which were easterly of the extended easterly line of Washington Street in the city of Batavia. Ralph Moore took the premises west of the extended easterly line of Washington Street and that at the time of the division there existed a driveway or roadway in that portion of the premises which would have been Washington Street, if the same had been extended northerly, which said driveway had been used for many years by the owners of said premises for purposes of access to the same. It was further alleged that at the time of said division a certain agreement was entered into in writing between Ralph Moore and Joseph W. Moore,

wherein the said Ralph Moore agreed for himself and his grantees and assigns that he would permit Joseph W. Moore and his grantees and assigns to have access for purposes of ingress and egress to the lands taken by Joseph W. Moore over that portion of Washington Street extended as it then existed and as it should be necessarily used for purposes of ingress and egress to the property of Joseph W. Moore. The complaint further alleged that the defendant had built a fence along the east line of his premises which is the west line of the plaintiffs' property and that he had made an excavation in front of the plaintiffs' garage, thereby obstructing the driveway and interfering with the use of the same by the plaintiffs and interfering with the use of the plaintiffs' property. It was likewise alleged that the driveway was the only means of ingress and egress to plaintiffs' property and that the driveway had been in the open, visible and continuous use of the owner of said properties for many years.

The defendant's answer admits the ownership, admits the execution of the contract and admits the building of the fence and the excavation in the driveway. The answer alleged that the contract was not a perpetual easement but merely a revocable license, that there were two highways bordering the premises of the plaintiffs through which they could obtain access to their premises. The answer also denied that plaintiffs were entitled to any relief and asserted that the driveway was unnecessary to the enjoyment of the plaintiffs' property.

A hearing was conducted by the chancellor, who heard the testimony of witnesses and considered certain documentary evidence, and, after full arguments by counsel, the decree appealed from was entered.

A review of the evidence together with the allegations of pleadings indicates that this property at one time comprised the Joel McKee homestead and farm which lies immediately northwest of the city of Batavia in Kane

County. The premises involved in this proceeding are bordered on the east by Batavia Avenue and on the south by North Avenue. Washington Street is a north and south street in the city of Batavia which ends at North Avenue, and, if extended north, its easterly line would constitute the dividing line between the brothers' property. It appears that the McKee family for many years had a driveway in their premises along what would have been Washington Street extended north. At the time the McKee family lived on said premises this driveway was the only means of ingress and egress to the home and other buildings since there had been no other development of streets in that vicinity. Upon McKee's death the entire tract became the property of his widow and when she died in 1941 it became the property of her two sons, Joseph W. Moore and Ralph Moore, share and share alike. In August, 1941, the Moore brothers divided the property between themselves, Joseph W. Moore taking the improved property lying east of the east line of Washington Street, extended north, and Ralph Moore taking the property lying west of the east line of Washington Street, extended north. At the time of this division there were two houses on the property taken by Joseph W. Moore, one being located on the northeast corner thereof facing Batavia Avenue, and one being located directly west thereof facing the driveway in question. At that time there was no road or street north of the property and the driveway served as the means of ingress and egress to both of these houses. When this division of the property was made, the brothers executed the following agreement:

"It is hereby agreed by and between Joseph W. Moore and Ralph Moore, as follows:

"That Joseph W. Moore is the owner of the lands lying easterly of the extended easterly line of Washington Street in the City of Batavia, Kane County, Illinois, as now platted; that it is the desire and intent of the parties hereto to permit said Joseph W. Moore to have access to said lands and that such access be further avail-

able to the grantees and assigns of Joseph W. Moore; that said Ralph Moore agrees for himself and his grantees and assigns, to permit such access for purpose of ingress and egress to said Joseph W. Moore lands above mentioned from the lands of Ralph Moore lying immediately westerly thereof. Such right of ingress and egress shall be limited to necessary portions only of Washington Street, extended, and nothing herein contained shall pertain to the lands of Ralph Moore lying westerly of the westerly line of Washington Street as now platted and only such portion of Washington Street, extended, as is necessarily used for ingress and egress purposes shall be available hereunder to said Joseph W. Moore and to his grantees and assigns.

"IN WITNESS WHEREOF the parties hereto have set their hands and seals on this the 5th day of August, A.D. 1941.

RALPH MOORE    (SEAL)<br>JOSEPH W. MOORE  (SEAL)

"Given under my hand and notarial seal, this 5th day of August, A.D. 1941.

EMIL J. BENSON, <i>Notary Public.</i>

"My commission expires April 16, 1945."

The evidence shows that this driveway had been used for more than 40 years, that its use preceded the subdividing of the adjoining property.

The defendant contends that the decree should be reversed because the contract between the Moore brothers did not establish a perpetual easement but only a revocable license. In our consideration of this argument we are not oblivious to the undisputed evidence that at the time of the division of the properties the presence of this driveway and the long-established use thereof was known by both of the Moore brothers. Even in the absence of an agreement there is considerable authority for our holding that the Ralph Moore property was subject to an implied easement for the benefit of the Joseph W. Moore property since at the time of the division the use of this driveway was well established and known and was obvious to anyone dealing with the property, and the use of the driveway conferred a considerable benefit upon, and was extremely convenient to, the use of the Joseph W. Moore property.

*Hoepker* v. *Hoepker,* 309 Ill. 407; *Bihss* v. *Sabolis,* 322 Ill. 350; *Walters* v. *Gadde,* 390 Ill. 518.

In the light of this law we are called upon to consider the effect, if any, of the contract between the brothers. The defendant has contended that since in the contract the word "permit" is used and nowhere does the word "grant" appear, the intention of the parties is manifest that the contract created merely a revocable license. While it is true the word "permit" may or may not indicate an intention to create an easement, it is also to be noticed that in this contract the words "grantees" and "assigns" have been used and it is stated "that it is the desire and intent of the parties hereto to permit said Joseph W. Moore to have access to said lands and that such access be further available to the grantees and assigns of Joseph W. Moore; that said Ralph Moore agrees for himself, his grantees and assigns to permit such access  *  *  *." With this wording in the contract it clearly appears that it was the intention of both parties that a grant be effected, and with such an intention appearing in the contract, we hold that an easement rather than a revocable license has been created even though no words of grant are used therein.

This court has repeatedly held that where the owner of an entire estate has arranged and adapted it so that one tenement or one portion of the estate derives a benefit or advantage from the other, of a permanent, open and visible character, and then sells the same, the purchaser takes the tenement or portion sold with all the benefits and burdens which appear at the time of the sale to belong to it. We have likewise held that in such cases it is not necessary that the easement claimed by the grantee be really necessary for the enjoyment of the estate granted. It is merely sufficient if it is highly convenient and beneficial to the estate granted. (*Cihak* v. *Klekr,* 117 Ill. 643; *Fossum* v. *Stark,* 302 Ill. 99; *Hoepker* v. *Hoepker,* 309 Ill. 407; *Walters* v. *Gadde,* 390 Ill. 518.) The lower court has found the facts

to be that the use of said drive is necessary to the enjoyment of the property owned by plaintiffs and that said drive is the only means of ingress and egress of said premises and the improvements located thereon and that the said drive has been in open, visible and continuous use by Joel McKee and wife, Joseph W. Moore and wife, their grantees and assigns, including the plaintiffs herein. We cannot say this finding is against the manifest weight of the evidence. The defendant also used this drive the same as the others.

Counsel for the defendant have cited numerous cases to the effect that a permissive use never ripens into a prescriptive right and also cases to the effect that this driveway was not a way of necessity. We do not regard these cases as being pertinent to the determination and consideration of this appeal, since we believe that the matter in controversy is resolved solely in the questions of an implied easement and the legal effect of the contract entered into by the parties.

For the reason stated herein, the decree of the circuit court of Kane County will be affirmed.

*Decree affirmed.*