JEAN BISHOP, Plaintiff-Appellee, v. THE VILLAGE OF BROOKFIELD, Defendant-Appellee.—(THOMAS VASSEK et al., Intervening Defendants-Appellants.)

First District (5th Division)    No. 80-2312

Opinion filed August 14, 1981.

_____

William E. Deitrick and Mary DePoy Harris, both of Gardner, Carton & Douglas, of Chicago (Richard J. Billik and Richard J. Billik, Ltd., of counsel), for appellants.

Herbert Lesser, of Chicago, for appellee Jean Bishop.

Paul E. Hamer, of Brookfield, for appellee Village of Brookfield.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from the trial court's order of May 20, 1980, which denied petitioners leave to intervene, and from the order of July 24, 1980, which denied their petition for rehearing and for leave to file an amendment to their original petition. The issues presented for review are: (1)

whether the trial court erred in denying petitioners' intervention as a matter of right; and (2) whether it was an abuse of discretion to refuse petitioners' permissive intervention.

Plaintiff Jean Bishop filed this action on her own behalf and on behalf of the class of similarly situated construction companies who made payments to the Village of Brookfield (hereinafter Village) pursuant to Ordinance No. 28—41. This ordinance as enacted in 1968 provided:

"It shall be unlawful for any person to connect, or to cause to be connected, any sanitary sewer service pipe servicing a building without first depositing twelve dollars ($12.00) per front foot of the property to be serviced by the connection, for all property located between Shields Avenue and 47th Street, and Deyo Avenue and Custer Avenue. This deposit will be used to pay for future installation of storm sewers to service the adjoining property. If the cost of the installation of storm sewers runs in excess of twelve dollars ($12.00) per front foot, the property owner will be required to pay the difference as a portion of a special assessment levied for said purpose. If this cost of installation is less than the deposit, any excess will be refunded to the property owner of record as of the date of the completion of the construction." Book of Ordinances of the Village of Brookfield, Illinois, ch. 28, §28—41 (1968).

In her complaint plaintiff alleges that she and the other members of her class were required under the 1968 ordinance to make payments as a condition precedent to being permitted to connect the residences which they had constructed to the Village's sewer system. She further alleges that in March 1979, the said ordinance was repealed and replaced by a similar ordinance (Book of Ordinances of the Village of Brookfield, Illinois, ch. 28, art. IV, §28—41 (1979)), and that this latter ordinance was declared unconstitutional in *La Salle National Bank v. Village of Brookfield* (1981), 95 Ill. App. 3d 765, 420 N.E.2d 819.

She alleges that during the years 1968 to March of 1979 the Village collected approximately $300,000 under the terms of the 1968 ordinance and no part of these funds have been used for their intended purpose, namely to defray the cost of constructing storm sewers. Further, that these monies were collected illegally, that the 1968 ordinance was unconstitutional and that plaintiff and members of her class are entitled to the return of deposits made pursuant to this ordinance. In the alternative, plaintiff argues that even if the 1968 ordinance was valid, upon its repeal the Village lost all rights to retain such deposits and should return the collected funds, together with accumulated interest, to the depositors.

Less than three weeks after plaintiff filed her complaint, petitioners who are property owners in the area designated by the 1968 ordinance filed a petition for leave to intervene together with a proposed answer

and counterclaim. They sought class certification to represent all other property owners within the designated area and also leave to file a counterclaim, as a class, against the Village. In their petition they alleged that they were the present owners of property in the area described in the 1968 ordinance and that any deposits made by plaintiff and members of her class to the Village were made for the use and benefit of petitioners for the purpose of defraying the cost of installing storm sewers for their respective properties. They further alleged that their interests were adverse to the Village and that therefore the Village could not adequately represent them. Finally, they alleged that they will or may be bound by a judgment entered in the pending action.

In their proposed answer and counterclaim, petitioners denied that plaintiff was entitled to the return of funds on deposit with the Village and alleged that plaintiff voluntarily contracted with petitioners to make said deposits for the sole use and benefit of petitioners in order to defray the cost of installing storm sewers. They prayed that plaintiff's complaint be dismissed, that petitioners be properly certified as a class and that the Village be directed to pay petitioners all monies collected pursuant to the 1968 ordinance together with accrued interest.

In response to the petition to intervene, the Village alleged that petitioners did not set forth any contract between themselves and plaintiff and that the Village would adequately represent petitioners' interests.

Thereafter, on May 20, 1980, an order was entered denying the petition to intervene. On June 11, 1980, petitioners filed a petition for rehearing with a proposed amendment to their original petition in which they further alleged that the monies collected pursuant to the 1968 ordinance were held in trust by the Village for the sole and exclusive benefit of the property owners. Petitioners further alleged the unavailability of the real estate sales contracts between themselves and plaintiff but stated that the contracts provided, in part, as follows:

> "Sellers (Bishop Construction Company) shall pay for the installation of sanitary sewer, sidewalk and deposit with the Village of Brookfield, the sum of $12.00 per front foot to be used by the Village of Brookfield to apply on the cost of storm sewers when installed."

A hearing was had and on June 24, 1980, an order was entered denying petitioners' petition for rehearing and also their motion for leave to file an amendment to their petition to intervene. Petitioners appeal.

OPINION

I

The central question presented for review is whether the trial court erred in denying petitioners intervention.

■■ Section 26.1 of the Illinois Civil Practice Act provides in pertinent part:

"(1) Upon timely application anyone shall be permitted as of right to intervene in an action: * * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof.

(2) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: * * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common." (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(1)(b) and 26.1(1)(2)(b).)

The purpose of intervention is to expedite litigation by disposing of the entire controversy among the persons involved in one action to prevent a multiplicity of actions. (*University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 392 N.E.2d 136; *In re Application of County Collector* (1978), 63 Ill. App. 3d 8, 379 N.E.2d 943.) Consequently, this section is to be liberally construed. (*University Square, Ltd. v. City of Chicago; In re Application of City Collector.*) While a party seeking to intervene need not show a direct interest in the suit, he must have an enforceable or recognizable right and more than a general interest in the subject matter of the proceedings. (*People ex rel. Byron v. Board of Trustees* (1980), 90 Ill. App. 3d 88, 412 N.E.2d 1188; *University Square, Ltd. v. City of Chicago.*) However, whether petitioners' rights are sufficient to prevail is not to be considered in connection with the question of sufficient interest. (*Strader v. Board of Education* (1953), 351 Ill. App. 438, 115 N.E.2d 539.) Finally, the allegations of an intervening petition are to be taken as true in determining whether the interest of the petitioner is sufficient. *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806; *Strader v. Board of Education.*

## II

Petitioners first contend that the court erred in denying their motion to intervene as of right. They argue that they have a direct claim in the collected funds, that the interests are inadequately represented by the existing parties and that they may be bound by a judgment entered in the action. Plaintiff submits that absent construction of the storm sewers, petitioners have no interest in the funds collected pursuant to the 1968 ordinance and that in any event petitioners' interests will be adequately represented by the Village.

The Village opposed petitioners' request for intervention in the trial court. However, on appeal, the Village has changed its position and here by motion and its brief maintains that the trial court erred in denying intervention; further, that petitioners are necessary parties and should be substituted as party plaintiff in place and stead of the present plaintiff; and that the present plaintiff be dismissed. The Village on appeal alleges newly discovered evidence, namely an agreement between plaintiff and a homeowner in the area described in the 1968 ordinance and a receipt from the Village to plaintiff for the deposit of funds, as establishing that the funds were deposited with the Village for the use and benefit of petitioners and not plaintiff. While we note that the newly discovered evidence alluded to by the Village is not properly before this court and therefore cannot be considered (see *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259; *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 350 N.E.2d 242), we consider the Village's present position as a withdrawal of its opposition to petitioners' intervention. Village's motion for a summary order of substitution of petitioners as party plaintiffs in the absence of a stipulation by the present plaintiff is without merit and is denied.

The pleadings of the parties in the instant case established that the Village of Brookfield retains money collected pursuant to the 1968 ordinance for the purpose of defraying the cost of installing storm sewers to service homes constructed within the certain designated area. The ordinance provided that the amount of $12 per front foot of property must be deposited with the Village before a building may be connected to the sewer system and that said deposit will be used to pay for the future installation of storm sewers. The ordinance further provided that in the event that the cost of installation exceeds $12 per front foot, the property owner will be required to pay the difference; however, if the cost of installation is less than the deposit, the excess would be refunded to the property owners of record as of the date of completion of the construction.

A.

Petitioners initially maintain that the provisions of the 1968 ordinance make them direct claimants of the contested funds and that they therefore have more than a general interest in the subject matter of the instant proceedings. The basis of this contention is that since petitioners are the property owners for whom the storm sewers were to be constructed, they therefore should have the exclusive benefit of the deposited funds. They further argue that any payments made by plaintiff were recouped when the properties were sold to petitioners and that by selling these properties plaintiff relinquished any claim to the funds. Plaintiff argues that whether

or not the ordinance is ruled unconstitutional, petitioners have no claim to the deposited funds. She submits that if the ordinance is ruled unconstitutional, petitioners have no claim to the funds by "any stretch of anyone's imagination" and argues, without citing any authority, that any money paid under an unconstitutional ordinance must be returned to the party making the payments. Alternatively, she argues that even if the ordinance is held to be constitutional, absent the construction of the storm sewers, petitioners simply have no interest in the funds deposited pursuant to the 1968 ordinance.

■■ A review of the pleadings establishes that petitioners have sufficiently alleged a direct interest in the deposited funds. In the event the ordinance is declared constitutional, petitioners claim that a trust was established in their behalf as beneficiaries. In the amendment to their petition to intervene, they alleged that the monies collected pursuant to the 1968 ordinance were to be held in trust by the Village for the sole and exclusive benefit of petitioners, the property owners. The ordinance specifically provided that the collected funds are to be used for the installation of storm sewers to service the property now owned by petitioners. It is well settled that any agreement or contract in writing made by a person having the power of disposal over property, whereby such person agrees or directs that a particular parcel of property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, raises a trust in favor of such other person claiming under him. (*Merchants National Bank v. Frazier* (1946), 329 Ill. App. 191, 67 N.E.2d 611; *Limperis v. Material Service Corp.* (N.D. Ill. 1976), 415 F. Supp. 65.) In such circumstances the beneficiaries of a trust are the proper parties to litigation involving the rights and liabilities with respect to management, control, use, or possession of property pursuant to the trust agreement. (*Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 356 N.E.2d 1245; see also *Parish v. Parish* (1963), 29 Ill. 2d 141, 193 N.E.2d 761.) This is so even where the beneficiaries have no immediate right to the enjoyment of the trust property or funds. (*Burrows v. Palmer* (1955), 5 Ill. 2d 434, 125 N.E.2d 484.) Plaintiff's position that absent construction of storm sewers petitioners have no interest in the deposited funds is plainly erroneous. The ordinance specifically provides that the storm sewers were to be installed in the future. There is simply no indication that the Village has abandoned its intention to construct these sewers, and we find it unnecessary to consider the other reasons that could justify or explain the delay. The pleadings disclose that petitioners purchased the residential properties for which funds had been deposited to offset the costs of a storm sewer which would otherwise be funded in whole by a special assessment or other levy against such properties for such purpose. Petitioners, as the purchasers and owners of the properties, allege an entitlement that the

funds be used to construct a storm sewer to serve the properties and that neither the owners nor their properties be further charged unless necessary to meet any insufficiency of the deposits. The deposits inure to the benefit of the owners and their properties. To return the deposits threatens to decrease the value of petitioners' real property since it would impair petitioners' right to obtain a storm sewer and to a setoff for any costs of construction which may otherwise be or become necessary.

In the event the ordinance is declared unconstitutional, petitioners still have alleged a viable claim. The pleadings of petitioners disclose that the contracts with plaintiff for the purchase of their homes provide that plaintiffs would deposit $12 per front foot of property with the Village for construction of storm sewers. The contracts, if proved, would establish that the deposits were made as a consideration for petitioners' purchases of the homes constructed by plaintiff and that petitioners acquired the right and expectation that the money deposited with the Village accrued to benefit them and their properties in the future installation of storm sewers. It is a general rule that upon conveyance of property the law implies a grant of all incidents rightfully belonging to that property at the time of conveyance and which are essential to the full and perfect enjoyment of the property. (26 C.J.S. *Deeds* §106 (1956); see also 13 Ill. L. & Prac. *Conveyances* §145 (1955); *Shapiro v. Masor* (1926), 242 Ill. App. 63.) The petitioners' pleadings are sufficient to support a finding that once the sale was completed, plaintiff relinquished any interest both in the installation of the storm sewers and the money deposited with the Village to defray the cost of installation and that such interest passed to petitioners.

Petitioners' pleadings must be considered as contending that plaintiff's interest in the funds on deposit with the Village were assigned to petitioners as an incident of their purchases. An assignment of an interest occurs when there is a transfer of some identifiable property, claim or right from the assignor to the assignee. (*Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 347 N.E.2d 378; *Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 223 N.E.2d 167.) The assignment operates to transfer to the assignee all of the rights, title or interest of the assignor in the thing assigned. (*Litwin v. Timbercrest Estates, Inc.*; *Buck v. Illinois National Bank & Trust Co.*) Here, plaintiff allegedly sold the real estate improved with residential buildings, together with all of her right, title and interest in the properties. The foregoing would therefore include the benefits of the funds deposited for a storm sewer to service the properties sold. Accordingly, the money deposited would rightly pass to the petitioners as owners of the properties.

■■ It is undisputed that plaintiff was required to deposit the funds with the Village under the 1968 ordinance in order to connect the residences

erected by them to the Village's sewer system. However, if petitioners are successful in proving that plaintiff recouped these payments when the residences were sold to petitioners, recovery or recoupment of the funds from the Village by plaintiff would constitute unjust enrichment. In effect, plaintiff would be recouping twice the amount initially deposited with the Village. The inequities of plaintiff's position are best illustrated by reviewing petitioners' situation. If the money deposited with the Village to defray the cost of installing storm sewers is returned to the plaintiff and the storm sewers are installed at a later date, petitioners would then be required to pay twice for the installation: once to plaintiff insofar as the costs were included in the purchase price of her home, and again to the Village in the form of a special assessment or other levy for the costs. In the event that the storm sewers are never constructed, the value of the homes purchased by petitioners without the funds for construction of storm sewers would necessarily be diminished. Petitioners in effect would have paid for a benefit and improvement that they would never receive. Accordingly, we find that petitioners have pled a viable interest in the funds now on deposit with the Village.

## B.

Petitioners next maintain that their interests are not adequately represented by the existing parties. Plaintiff submits that the Village will adequately represent petitioners' interest.

In order to intervene on the basis of inadequacy of representation, petitioners must show either that their interest in the case is different from the party who represents them or that the representative party was ineffective in his prosecution or defense of the action. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) In the instant case the interests of petitioners and of plaintiff are adverse since both seek return of the same funds. In determining the Village's ability to represent the petitioners' interests, it is necessary to consider the two possibilities presented.

In the event the ordinance is declared unconstitutional, the Village may merely become a stakeholder and should then be neutral as to who is entitled to the funds. Such neutrality is inconsistent with the concept of adequate representation. Petitioners here have a special interest in the funds deposited under the 1968 ordinance. These funds were intended to defray the cost of installing storm sewers to service their homes and were not intended for the benefit of the Village as a whole. Finally, considering the Village's present position that petitioners should be substituted as party plaintiff, it can hardly be said that petitioners could be fully represented by the Village. Compare *Strader v. Board of Education* (1953), 351 Ill. App. 438, 115 N.E.2d 539.

In the event the ordinance is declared constitutional and the Village

claims the funds in its own right, petitioners' interests would not be adequately represented. Petitioners seek to assure that the funds now on deposit with the Village are used solely for the benefit of them and their properties. Because the 1968 ordinance has been repealed and the storm sewers had not been installed for over 12 years, the funds collected under the ordinance may be claimed or applied for the general benefit of the entire Village. Under the circumstances it is foreseeable that legitimate Village objectives and purposes could result in compromise to the detriment of the individual rights of petitioners. (Compare *Oakton-Crawford Corp. v. Village of Skokie* (1961), 28 Ill. App. 2d 507, 171 N.E.2d 814.) Accordingly, we find that the petitioners have sufficiently alleged that their interests will not be adequately represented by the existing parties.

## C.

Petitioners next contend that they may or will be bound by an order or judgment in the instant case. Plaintiff argues that the status of petitioners' land will be exactly the same no matter which way this proceeding is decided, namely that the residences are very livable without storm sewers.

The flaw in plaintiff's position stems from a misunderstanding of petitioners' contentions. Petitioners maintain that they purchased their homes with the expectation that storm sewers would be installed. If they succeed in proving this contention, they would have a legitimate claim to the funds deposited under the 1968 ordinance regardless of the habitability of the residences. If plaintiff is successful without granting petitioners leave to intervene, the Village may be required to return the funds deposited to plaintiff. In such case, the funds may be dissipated before the rights of petitioners in the funds have been adjudicated. Most importantly, the denial of intervention in the instant case will make multiple litigation necessary to finally determine the rights of all of the parties. Consequently, we find that petitioners have sufficiently established that their interests may be materially affected by a disposition in this proceeding.

## III

Inasmuch as we find that the trial court erred in denying petitioners intervention as a matter of right, it is unnecessary to consider petitioners' further claim that the trial court abused its discretion in denying them permissive intervention. However, we have only addressed the sufficiency of the pleadings for leave to intervene. We do not intend nor express any opinion as to the merits of any issues presented by the pleadings or upon further proceedings.

## IV

For the reasons stated, the Village's motion to substitute petitioners as plaintiffs in place and stead of the present plaintiff is denied; the order denying petitioners leave to intervene and the order denying rehearing and leave to file an amendment to the original petition are reversed, and the cause remanded for further proceedings.

Motion denied; orders reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.