JAMES P. McMAHON, Plaintiff-Appellant and Cross-Appellee, v. CHARLES L. HINES III *et al.*, Defendants-Appellees and Cross-Appellants (The Village of Hinsdale, Defendant).

Second District    No. 3—97—0770

Opinion filed July 9, 1998.

Robert A. Heap, of Kuhn & Heap, and Robert G. Black, both of Naperville, for appellant.

Mark M. Lyman, of Henderson & Lyman, of Chicago, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Defendants, Charles Hines and Bernadine Hines, appeal the trial court's order granting summary judgment in favor of the plaintiff, James McMahon. The trial court's order permitted McMahon to install an asphalt driveway over property granted as an easement to the defendants. On appeal, the defendants argue that the trial court erroneously concluded that a curb was not part of the easement. Further, the defendants maintain that the trial court's order should be reversed because it improperly allows for a substantial alteration of the easement property. We affirm.

The record shows that the plaintiff and the defendants are next-door neighbors. In 1926, an easement was recorded for the benefit of the owners of the defendants' property. In pertinent part, the easement provided:

> "WHEREAS the grantee now maintains and uses a driveway of crushed stone, with concrete curb, a portion of which encroaches upon the said land of the grantor, a distance of about eight feet measured at the street line, and diminished in width to the north until it comes entirely within the land of the grantee; and
>
> WHEREAS the grantor is willing to grant unto the said grantee, his heirs and assigns, the perpetual right and easement of maintaining and using the said driveway and curb in its present location upon the land of the grantor;

NOW THEREFORE, this instrument WITNESSETH:

That, in consideration of one dollar ($1.00) and other good and valuable consideration, receipt whereof is hereby acknowledged, the said grantor for himself, his heirs and assigns, hereby grants, bargains and sells unto the said grantee, his heirs and assigns, the perpetual right and easement of maintaining and using the said driveway as it is now located on the grantor's land, to be used solely for purpose of a driveway and to be maintained at the expense of the grantee, his heirs and assigns."

Overall, the easement measures eight feet in width where it borders the street. From there, it runs up onto McMahon's property, diminishing in width until it reaches the defendants' property. A "curb" serves as a boundary between the defendants' and McMahon's property for the length of the easement. According to the defendants, this curb serves as a gully, providing a means for water runoff for both properties.

After purchasing his property in 1995, McMahon razed the existing single-family residence located there and submitted a site plan to the Village of Hinsdale for the construction of a new home. This plan, shown below, proposed a circular paved driveway in front of the house.

The defendants objected to the proposed driveway on the basis that the paved driveway altered their easement of the driveway and curb. We note that the previous owner's driveway did not encroach upon the defendants' easement, as it was located on the opposite side of the lot. McMahon filed an action for declaratory judgment, seeking court approval of the proposed driveway. McMahon then filed an amended complaint, stating that, instead of a paved driveway, he intended to install the driveway using asphalt.

Thereafter, McMahon and the defendants filed motions for summary judgment. The defendants argued that the proposed driveway would interfere with their use and enjoyment of the easement by obliterating the curb between their and McMahon's driveways, creating an inherently dangerous condition, and impeding their ability to maintain the easement. On the other hand, McMahon contended that the proposed driveway did not interfere with the defendants' use of the easement because the defendants would still be able to use the area as a driveway to and from their property.

On October 28, 1996, the trial court granted McMahon's motion for summary judgment. First, the trial court determined that the defendants' property was not granted an easement to the curb. Then, the court permitted McMahon to install asphalt over the easement property at substantially the same level as the existing asphalt on the defendants' driveway.

McMahon filed an appeal, and the defendants filed a cross-appeal from the trial court's order. McMahon later moved to dismiss his appeal, and the defendants' appeal then became the only appeal.

On appeal, the defendants argue that the trial court should have ruled in their favor because the proposed driveway materially alters the easement by allowing for the removal of the curb. Alternatively, the defendants maintain that the reasonableness of the alteration of the easement presented a question of fact that cannot be resolved by summary judgment.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is clear and free from doubt. *Outboard*, 154 Ill. 2d at 102. Therefore, where a reasonable person can draw divergent inferences from undisputed facts, summary judgment should be denied. *Outboard*, 154 Ill. 2d at 102. Finally, our review of the trial court's entry of summary judgment is *de novo*. *Monticello Insurance Co. v. Wil-Freds Construction, Inc.*, 277 Ill. App. 3d 697, 701 (1996).

We turn first to the trial court's ruling that the defendants' property was not granted an easement to the curb. Initially, we review the basic tenets of easement law. An easement is a right or privilege in the real estate of another. *McCann v. R.W. Dunteman Co.*, 242 Ill. App. 3d 246, 254 (1993). An easement is considered appurtenant when the easement requires a dominant estate and a servient estate. *Maywood-Proviso State Bank v. Village of Lisle*, 234 Ill. App. 3d 206, 218 (1992). The user of the right of the easement enjoys what is referred to as a

dominant estate over the used land, which is the servient estate. *Coomer v. Chicago & North Western Transportation Co.*, 91 Ill. App. 3d 17, 22-23 (1980). In this case, the defendants have a dominant estate and McMahon has a servient estate, as the defendants have the right to the portion of the driveway that is located on McMahon's property.

■ As the owners of the dominant estate, the defendants are entitled to necessary use of the easement. *McCann*, 242 Ill. App. 3d at 254. Necessary use is the use that is reasonably necessary for full enjoyment of the premises. *Flower v. Valentine*, 135 Ill. App. 3d 1034, 1039 (1985). For example, the owner of an easement of right-of-way for ingress and egress has the right to use the full width of the easement area, unhampered by any obstructions. *Schaefer v. Burnstine*, 13 Ill. 2d 464, 469-70 (1958).

There is no dispute that the defendants have an easement to the driveway on McMahon's property. The defendants, however, contend that the instrument creating the easement was clear that the easement also includes the curb. On the other hand, McMahon maintains that the recorded easement is clear that the defendants have an easement only in the driveway. Thus, this issue hinges on the interpretation of the language in the instrument conveying the easement.

■ To acquire an easement by grant, no particular words are necessary, but the words that are used must clearly show an intention by the grantor to confer an easement, and such terms must be definite, certain, and unequivocal. *Friedman v. Gingiss*, 182 Ill. App. 3d 293, 295-96 (1989). Indeed, an instrument creating an easement is construed in accordance with the intention of the parties. *Koplin v. Hinsdale Hospital*, 207 Ill. App. 3d 219, 230 (1990). Such intent is ascertained from the words of the instrument and the circumstances contemporaneous to the transaction, including the state of the thing conveyed and the objective to be obtained. *Maywood-Proviso*, 234 Ill. App. 3d at 218.

■ In addition, agreements imposing burdens on one estate for the benefit of another must be strictly construed. *Maywood-Proviso*, 234 Ill. App. 3d at 218. Indeed, because an easement is an interest in land, a grant of an easement by contract must contain all the formal requirements of a deed. *Coomer*, 91 Ill. App. 3d at 23. Accordingly, the conveyance of an easement by contractual agreement should be supported by consideration, and the terms of contract must be unequivocal. *Coomer*, 91 Ill. App. 3d at 23. The practical construction given to the instrument granting the easement by the parties' conduct is to be considered only if there is an ambiguity. *Koplin*, 207 Ill. App. 3d at 230. Courts have tended to construe strictly the easement agreement so as to

permit the greatest possible use of the servient tenement. *Coomer*, 91 Ill. App. 3d at 25. Finally, the interpretation of a party's agreement or contract is a question of law to be determined by the appellate court *de novo*. *Regnery v. Meyers*, 287 Ill. App. 3d 354, 360 (1997).

Here, the easement was granted to the defendants' property in an instrument dated July 3, 1926. Neither of the present parties owned either property in question at that time. As a result, we must rely on the language in the instrument to determine the parties' intent in establishing the easement. See *Delgado v. Wilson*, 178 Ill. App. 3d 634, 640 (1989).

The first three paragraphs of this instrument identify the grantor and give a detailed description of the grantor's property. The second three paragraphs are "whereas" paragraphs, which mention that the grantee maintains and uses a driveway "with concrete curb" and that the grantor is willing to grant an easement "maintaining and using the said driveway and curb" to the grantee. The final section of the instrument begins with a "now therefore" clause. In this clause, the grantor includes the required element of consideration before stating that he grants an easement for maintaining and using the "said driveway *** solely for [the] purpose of a driveway" to the grantee. The instrument is then notarized and signed.

The defendants claim that, since the instrument refers to the curb and the driveway, the curb is part of the easement. We disagree.

■ Although the instrument contains language referring to the driveway and the curb, it does not clearly and unequivocally state that the easement includes the curb and the driveway. The instrument does not state that the grantor grants the use of both the driveway *and* the curb to the grantee. Rather, the only mention of the curb occurs in the "whereas" clauses that precede the agreement. Illinois courts have held that such "whereas" clauses serve as recitals and are merely explanations of the circumstances surrounding the execution of the contract. *Regnery*, 287 Ill. App. 3d at 360. These recitals are not binding obligations unless referred to in the operative portion of the contract. Compare *Regnery*, 287 Ill. App. 3d at 360 ("whereas" clause merely a recital paragraph, the terms of which are not part of contract), with *Brady v. Prairie Material Sales, Inc.*, 190 Ill. App. 3d 571, 577 (1989) (holding that recital paragraphs were part of agreement because operative clause stated that the preceding terms of the agreement were not a mere recital).

■ Consequently, in the case at bar, we find that the language in the recitals in the instrument granting the easement were included for purposes of explaining and describing the property involved and the circumstances surrounding the execution of the easement for the

purpose of a driveway. Therefore, because there is no mention of the curb in the operative paragraph, we find that the parties did not intend to include the curb as part of the easement.

The defendants argue that the law regarding recital paragraphs concerns contract law, and there is no Illinois law that applies the recital rule to the interpretation of easements. We agree with the defendants that we are unable to find a case wherein a dispute existed regarding recital paragraphs in an instrument conveying an easement. The defendants fail to recognize, however, that the conveyance of easements through instruments is rooted in contract law. Indeed, as with contracts, an instrument granting an easement must contain terms that are definite, certain, and unequivocal. See *McDermott v. Metropolitan Sanitary District*, 240 Ill. App. 3d 1, 20 (1992).

In this case, the definite, certain, and unequivocal language is contained in the paragraph following the "whereas" clauses. After indicating that the agreement is supported by consideration, this paragraph uses specific language to grant to the grantee's heirs the "perpetual right and easement of maintaining and using the said driveway as it is now located on the grantor's land, to be used solely for purpose of a driveway." This language could not be clearer that the purpose of the easement is for the grantee to be able to use the land "solely" for a driveway for ingress and egress to his house. The curb plays no role in this purpose.

Indeed, our court has defined the term "driveway" as a passageway, travelway, and way of ingress and egress. *Delgado*, 178 Ill. App. 3d at 639. In other words, a curb is not an essential feature of a driveway. Rather, a driveway's purpose is for " 'coming and going.' " *Delgado*, 178 Ill. App. 3d at 639, quoting *In re Emmet S. Hickman Co.*, 49 Del. 13, 19, 108 A.2d 667, 670 (1954). Here, the instrument granting the easement stated that the easement was to be used "solely" for the purpose of a driveway. Consequently, the easement is to be used solely as a way for vehicles to come and go to and from the defendants' residence. As the curb's existence is immaterial to this purpose, and the operative paragraph does not refer to the recital paragraphs, incorporate the recital paragraphs, or mention that the curb is included in the easement, we find that the curb is not part of the easement.

The defendants contend also that we should consider the use of the easement over time. The defendants assert that, because they used the driveway with the curb since the grant of the easement, the curb became part of the easement and cannot now be altered. In support of their argument, the defendants cite *Vallas v. Johnson*, 72 Ill. App. 3d 281 (1979), and *Peters v. Milks Grove Special Drainage District No. 1*, 243 Ill. App. 3d 14 (1993).

In *Vallas*, the recorded easement at issue lacked a definite width. The *Vallas* court concluded that the width of the easement would be confined to the dimensions that were reasonably necessary for the purposes for which it was created, as established by actual use. *Vallas*, 72 Ill. App. 3d at 284.

Likewise, in *Peters*, the easement at issue was either "lost or not recorded." Consequently, although the defendant claimed that the easement was a certain width, there was no proof of it. Following the reasoning in *Vallas*, the *Peters* court determined the easement's width by restricting it to the extent of its actual use. *Peters*, 243 Ill. App. 3d at 19.

Unlike *Vallas* and *Peters*, here there is a record of the instrument granting the easement. As a result, there is no reason for this court to look at the extent of use of the easement. Even if we did examine the extent of use, however, under *Vallas* the easement would not include the curb. Indeed, under *Vallas*, the width of an easement is confined to the dimensions that are reasonably necessary for the purposes for which it was created. *Vallas*, 72 Ill. App. 3d at 284. Here, the purpose of the easement was for a driveway, and that purpose is satisfied without including the curb.

The defendants next contend that the court should not have granted summary judgment for McMahon because the question of reasonableness of the alteration of the easement is a question of fact.

■ A principle of concurrent, rather than exclusive, use underlies the law concerning easements. The owner of the servient estate must not interfere with the use of the easement for purposes of access by the owner of the dominant estate. *Beggs v. Ragsdale*, 120 Ill. App. 3d 333, 337 (1983). For his part, the owner of the dominant estate has the right to maintain the easement, although he cannot, for the sake of his convenience, materially alter the easement so as to place a greater burden on the servient estate or interfere with the use and enjoyment of the servient estate by its owner. *Beggs*, 120 Ill. App. 3d at 337. Therefore, use of an easement by both landowners must be permitted in accordance with their individual interests. *Keessen v. Zarattini*, 119 Ill. App. 2d 284, 292 (1970).

■ Absent an agreement to the contrary, the servient owner may use his property for any purpose consistent with the dominant owner's enjoyment of his easement. *Coomer*, 91 Ill. App. 3d at 25. In other words, the servient owner may use his land in any manner that does not materially interfere with or obstruct its use as a right of way. See *Kirnbauer v. Cook County Forest Preserve District*, 215 Ill. App. 3d 1013, 1021 (1991); *Coomer*, 91 Ill. App. 3d at 25. As no precise rule can be stated as to when the use by the owner of the servient or

dominant estate is a reasonable use as distinguished from an unreasonable use, it is a question of fact to be determined from the facts and conditions prevailing. *Professional Executive Center v. La Salle National Bank*, 211 Ill. App. 3d 368, 379 (1991).

The defendants argue that there are genuine issues of material fact in dispute that prohibit the trial court's granting summary judgment on this issue. Primarily, the defendants maintain that various factors exist that would make the installation of the driveway unreasonable. For example, the defendants argue that the resurfacing will create a dangerous condition to pedestrian traffic, cause difficulty in the removal of ice and snow, require changes in the grade and slope as required by the village code, and adversely alter water drainage and absorption on their property. Because of these possible results, the defendants ask this court to reverse and remand this cause for further proceedings so that they will have an opportunity to have a hearing wherein they could prove that these facts make the installation unreasonable.

█ We find that there is no disputed issue of relevant facts. A servient owner may use his land for any purpose consistent with the dominant owner's enjoyment of his easement. See *Coomer*, 91 Ill. App. 3d at 25. We have determined that the purpose of this easement was for use as a driveway for ingress and egress to the defendants' house. None of the defendants' arguments allege a disruption or obstruction of this purpose. Rather, the defendants' concerns regard features separate from the easement's use as a driveway. In other words, whether the new driveway will cause runoff or changes in grade and slope are not material questions of fact that need to be resolved in this case. Instead, the only issue is whether the new driveway obstructs the defendants' use of their driveway as a right-of-way. As the defendants will still be able to use their easement for ingress and egress without any interference, we find, as a matter of law, that the new driveway is not such an obstruction. See *Schaefer*, 13 Ill. 2d at 468-69 (holding that owner of servient estate could not install a gate on easement property because it interfered with dominant estate's right-of-way).

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.