DIMUCCI HOME BUILDERS, INC., Plaintiff and Counterdefendant and Cross-Appellee, v. METROPOLITAN LIFE INSURANCE COMPANY *et al.*, Defendants and Counterplaintiffs and Cross-Appellants.

First District (6th Division)   No. 1—98—4265

Opinion filed March 31, 2000.—Rehearing denied May 1, 2000.

Sperling, Slater & Spitz, P.C., of Chicago (Paul E. Slater, Robert D. Cheifetz, and Daniel A. Shmikler, of counsel), for appellant.

Katten, Muchen & Zavis, of Chicago (Timothy J. Patenode and Thomas J. Meier, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Dimucci Home Builders, Inc., brought suit against defendants, Metropolitan Life Insurance Company (Metropolitan) and EQR-Bourbon Square Vistas, Inc. (EQR), to recover unpaid fees for use of a sewer line servicing certain property (Bourbon Square). Defendants filed an amended counterclaim seeking a declaration that EQR, the owner of the Bourbon Square property, also owns the sewer line servicing that property and therefore that plaintiff has no legal basis to charge for use of the line. The circuit court granted summary judgment for defendants and ordered EQR to assume certain financial obligations relating to its ownership of the sewer line. Plaintiff appeals the circuit court's order granting summary judgment for defendants on plaintiff's complaint. Defendants cross-appeal the circuit court's order requiring EQR to assume financial obligations related to ownership of the sewer line.

On appeal, plaintiff argues that the trial court erred in determining that EQR owns the entire sewer line, most of which runs outside the Bourbon Square property. Plaintiff argues that EQR owns only the portion of the sewer line located on the Bourbon Square property (the on-site sewer line), not the portion of the sewer line located outside the property (the off-site sewer line). We reverse both orders appealed from and remand for further proceedings.

The undisputed facts follow. A land trust owned the Bourbon Square property upon which a developer, plaintiff, constructed apartments. Pursuant to permits issued by the Metropolitan Water Reclamation District of Greater Chicago (MWRD) and the Illinois Department of Transportation, plaintiff constructed, operated, and maintained a private sewer line servicing the Bourbon Square property. Approximately 90% of the sewer line is off the property line of the Bourbon Square property.

Metropolitan subsequently bought the Bourbon Square property at a foreclosure sale and refused to pay plaintiff for use of the sewer line. Plaintiff filed a complaint against Metropolitan seeking to recover the unpaid sewer fees. While the litigation was pending, Metropolitan sold the property to EQR. Plaintiff filed a second amended complaint naming EQR as an additional defendant; Metropolitan agreed to indemnify EQR for any sewer charges found to be owing.

Defendants Metropolitan and EQR (defendants) filed an amended counterclaim seeking a declaration that EQR owns the entire sewer line (both on-site and off-site) and, therefore, that plaintiff has no legal basis to charge for its use.

The circuit court granted summary judgment for defendants, finding that EQR, the current owner of the Bourbon Square property, is the owner of the entire sewer line. The court also ordered defendants to assume all of plaintiff's obligations under the MWRD sewer permit and to reimburse plaintiff $4,200 for the cost of surety bonds supplied to the MWRD pursuant to the permit. Plaintiff appeals the order granting summary judgment for defendants. Defendants cross-appeal the order requiring them to assume plaintiff's obligations under the MWRD sewer permit and to reimburse plaintiff for the cost of the surety bonds.

First, we address plaintiff's appeal of the order granting summary judgment for defendants. Summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, the pleadings, depositions, and admissions on file reveal that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998). The standard of review in cases involving summary judgment is *de novo. Ragan*, 183 Ill. 2d at 349.

For purposes of this appeal, plaintiff does not dispute that the on-site sewer line is part of the Bourbon Square property purchased by Metropolitan at a foreclosure sale and later sold to EQR. Plaintiff argues only that the *off-site* sewer line is not part of the Bourbon Square property because it is located outside the property line.

■ Defendants argue that the off-site sewer line was conveyed to Metropolitan, and then to EQR, as an appurtenance to the Bourbon Square property. An appurtenance is a right or privilege incidental to the property conveyed. Webster's Third New International Dictionary 107 (1986). "[U]pon conveyance of property the law implies a grant of all incidents rightfully belonging to that property at the time of conveyance and which are essential to the full and perfect enjoyment of the property." *Bishop v. Village of Brookfield*, 99 Ill. App. 3d 483, 490 (1981). Defendants argue that the off-site sewer line is essential to the full and perfect enjoyment of the Bourbon Square property and, thus, that the off-site sewer line belongs to EQR, the current owner of the property.

*McPeak v. Thorell*, 148 Ill. App. 3d 430 (1986), is dispositive. Thorell constructed a townhouse development serviced by an off-site water and sewer system. *McPeak*, 148 Ill. App. 3d at 431. Thorell sold the townhouses as condominium units and charged the unit owners fees that included the water and sewer services he was providing. *McPeak*, 148 Ill. App. 3d at 431-32. The unit owners subsequently sought a declaratory judgment that they were the owners of the sewer system. *McPeak*, 148 Ill. App. 3d at 432-33. The trial court ruled in favor of the unit owners. *McPeak*, 148 Ill. App. 3d at 433.

On appeal, the unit owners argued that the off-site water and sewer system was an appurtenance impliedly transferred along with the condominium property. *McPeak*, 148 Ill. App. 3d at 433. The appellate court rejected the unit owners' argument, noting that Thorell reserved sewer easements in the property and that such easements supported Thorell's contention that he did not convey the sewer system to the unit owners. *McPeak*, 148 Ill. App. 3d at 434. The court further held that when real property is conveyed by deed, only those "buildings and appurtenances *located thereon* are likewise conveyed." (Emphasis added.) *McPeak*, 148 Ill. App. 3d at 434. The court determined that the property on which the sewer and water system was located was not sufficiently described as being conveyed in any instrument and, thus, that the water and sewer system did not pass to the unit owners. *McPeak*, 148 Ill. App. 3d at 434.

■ Here, defendants argue that, unlike in *McPeak*, plaintiff did not record a sewer easement or other written instrument reserving title to the sewer. Defendants argue that, in the absence of such a reservation of title, the off-site sewer line passed to EQR as an appurtenance to the Bourbon Square property. We disagree. *McPeak* holds that a sewer line is only appurtenant to the property upon which it is located. Here, the off-site sewer line is located outside the Bourbon Square property and, thus, it is not appurtenant thereto. Accordingly, the circuit court erred in determining that the off-site sewer line passed to EQR. Therefore, we reverse the circuit court's order granting summary judgment to defendants on plaintiff's complaint and remand for further proceedings.

Defendants argue that *Bishop v. Village of Brookfield*, 99 Ill. App. 3d 483 (1981), compels a different result. In *Bishop*, the court considered whether landowners had the right to intervene when the construction company sued the village to recover monies paid pursuant to an unconstitutional ordinance. *Bishop* did not involve the issue here, *i.e.*, whether an off-site sewer line is appurtenant to the property that it services.

Defendants also cite cases from other states. However, these cases are not binding on this court. See *Stratman v. Brent*, 291 Ill. App. 3d 123, 139 (1997); *Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.*, 210 Ill. App. 3d 231 (1991). Instead, we follow *McPeak*, the controlling Illinois authority.

■ Next, defendants argue that the MWRD sewer permit conveyed title to the sewer to them. We disagree. Illinois case law is clear that permits are not conveyances of title. *Pasquinelli v. Village of Mundelein*, 257 Ill. App. 3d 1057 (1994).

■ Next, defendants argue that plaintiff failed to assert a claim in

the off-site sewer line during a prior bankruptcy proceeding and therefore that plaintiff is estopped from asserting an ownership interest in the sewer line or charging a fee for its use. In its order granting summary judgment for defendants, the circuit court did not address the argument that plaintiff is estopped from charging EQR a sewer fee. We direct the circuit court, on remand, to consider defendants' estoppel argument.

█ Finally, we address defendants' cross-appeal from the circuit court's order requiring EQR to assume certain financial obligations under the MWRD sewer permit and to reimburse plaintiff $4,200 for the cost of surety bonds supplied to the MWRD pursuant to the permit. The circuit court's order was premised on its finding that defendants owned the off-site sewer line as an appurtenance to the Bourbon Square property. As discussed, the circuit court erred in determining that the off-site sewer line passed to EQR as an appurtenance. Therefore we reverse and remand for the circuit court to reconsider the division of expenditures due under the MWRD permit.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.

ZWICK, P.J., and BUCKLEY, J., concur.