(text box: 1) NO.  5-00-0336

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

DELPHIN P. ROKETA and ALICE G. ) Appeal from the

ROKETA, ) Circuit Court of

) Effingham County.

Plaintiffs-Appellants, )

)

) No.  99-CH-22

)

RALPH W. HOYER, ) Honorable

) Steven P. Seymour,

Defendant-Appellee. ) Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE MAAG delivered the opinion of the court:

This case involves a dispute over rights to the use of June Lake, a man-made lake in Effingham County, Illinois.  The lake is owned by Alice Roketa and Delphin Roketa (plaintiffs).  Plaintiffs sought a court order to permanently enjoin Ralph Hoyer (defendant) from using the lake for recreational purposes.  They alleged that defendant had no property right or interest in the lake and no right to use the lake.  Defendant filed a counterclaim in which he contended that he had title to real estate along the shoreline of June Lake and that he had an easement to access and use the lake for recreational purposes.  After considering competing motions for summary judgment, the circuit court found that defendant had a right to use June Lake for recreational purposes, and the court granted a summary judgment against plaintiffs and in favor of defendant.  Plaintiffs appeal.

The pertinent facts follow.  Joseph Bohn and Joyce Bohn owned a private man-made lake, including the body of water and underlying ground, known as June Lake, and the real estate surrounding the lake.  The property is situated in Effingham County, Illinois.  Beginning in 1980, the Bohns entered into a series of real estate transactions involving tracts of their lakefront property.

On April 7, 1981, the Bohns and defendant and Ruth Hoyer entered into an "Agreement for Warranty Deed" (agreement).  Pursuant to the agreement, the Bohns executed a warranty deed on April 7, 1981, that conveyed a tract of land bordering June Lake to the Hoyers for $10 and other valuable consideration.  The deed described a 1.52-acre tract of land (Hoyer tract) bounded on the west by the shoreline of June Lake.  No portion of June Lake was conveyed to the Hoyers.  The deed was silent as to the Hoyers' right to use June Lake.  It did not expressly grant to them or deprive them of the right to use June Lake for recreational purposes.  Pursuant to the agreement, the deed was placed in escrow with Effingham State Bank and was to be released and delivered to the Hoyers upon full payment of the purchase price.  Ruth Hoyer died sometime after the agreement was made and is not a party to this action.

On September 8, 1981, the Bohns executed a warranty deed conveying to plaintiffs a separate tract bordering June Lake.  The Bohns did not convey any portion of June Lake.  The deed included a provision that granted plaintiffs the right to use June Lake for purposes of fishing, swimming, and boating but prohibited them from fouling the water or removing the water for commercial purposes.  The deed was recorded on May 31, 1991.

On October 21, 1985, the Bohns executed a quitclaim deed conveying legal title to  June Lake and the land they owned around the lake to Effingham State Bank (the Bank).  The deed stated that it was a deed in lieu of foreclosure.  The property conveyed to the Bank included the Hoyer tract.  At the time the quitclaim deed was executed, the Bank was holding the deed to the Hoyer tract in escrow pending full payment of the purchase price.

On July 16, 1986, the Bank executed a corporate quitclaim deed conveying title to June Lake and certain tracts of land bordering June Lake to Robert Arnold and Josephine Arnold.  The Bank retained title to a small tract of land bordering the lake and the Hoyer tract.  The corporate quitclaim deed expressly reserved to the Bank and its successors, grantees, and assigns access to and the use of June Lake for recreational purposes for the benefit of specifically described real estate, including the Hoyer tract.

On May 5, 1995, the Arnolds conveyed title to June Lake and some adjoining tracts of land to plaintiffs.  The deed expressly provided that the conveyance was subject to the "rights of other owners of land bordering on June Lake with respect to land lying within June Lake and in respect to the water and use of the surface of said lake" and the Bank's reservation of the right of access to and the use of June Lake for recreational purposes for the benefit of the adjoining real estate.

Subsequent to these transactions, defendant completed payment on the Hoyer tract. On June 25, 1998, the Bank released the deed to that tract and it was recorded that same day.

The rift arose shortly after plaintiffs started a catfish farm.  The catfish were contained in a penned-in area near the bank of plaintiffs' lakefront property.  Apparently, plaintiffs discovered that an unknown intruder had removed some of the catfish from the pen without plaintiffs' permission on a number of occasions.  As a result of these incidents, plaintiffs told defendant that he could not fish or boat in their lake.  Defendant ignored plaintiffs' directive and continued to boat and fish in the lake.  Subsequently, plaintiffs sought a preliminary injunction and a permanent injunction to prevent defendant from using their lake.  Plaintiffs alleged that defendant had no property right in their lake and no right to use their lake.  Each party filed a motion for summary judgment on the issue of defendant's right to use the lake.  Following a hearing, the circuit court found that a use easement for recreational purposes was imposed on June Lake for the benefit of the adjoining real estate, including the Hoyer tract.  The court determined that defendant had a right to use June Lake for recreational purposes, and the court granted a summary judgment in favor of defendant and against plaintiffs.

A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).  
The appellate court may affirm the grant of a summary judgment on any basis supported by the record even though it differs from the reason relied on by the trial court.  
Bell v. Louisville & Nashville R.R. Co.
, 106 Ill. 2d 135, 148, 478 N.E.2d 384, 389 (1985).  The review of summary judgment rulings is 
de novo
.  
Outboard Marine Corp.
, 154 Ill. 2d at 102, 607 N.E.2d at 1209.

The resolution of this case turns on some basic principles of property law.  Generally, when the owner of a tract of land divides it into different parts, in such a manner that one part derives from another an advantage of a permanent, open, and physical character, and afterwards sells a part of the property, the purchaser takes the part sold with all the benefits and burdens that appear at the time of the sale.  
Gulick v. Hamilton
, 287 Ill. 367, 373, 122 N.E. 537, 539 (1919).  It has long been held that when a grant is made for valuable consideration, it shall be presumed that the grantor intended to convey and that the grantee expected to receive the full benefit of the land conveyed, including all other things necessary to the enjoyment of the land granted, and that those things shall pass with the land, by the grant of the land itself, without requiring specific mention of the benefits or appurtenances.  
Chicago, Rock Island & Pacific Ry. Co. v. Smith
, 111 Ill. 363, 370-71 (1884); 
Hadden v. Shoutz
, 15 Ill. 581, 583-84 (1854).

An appurtenant easement is an incorporeal right or privilege incidental to the land conveyed.  
Dimucci Home Builders v. Metropolitan Life Insurance Co.
, 312 Ill. App. 3d 779, 781, 728 N.E.2d 749, 751 (2000).  An appurtenant easement runs with the land and passes by conveyance of the land even without being mentioned in the instrument of transfer.  See 
Beloit Foundry Co. v. Ryan
, 28 Ill. 2d 379, 388, 192 N.E.2d 384, 390 (1963);
 Gulick, 
287 Ill. at 373, 122 N.E. at 539.  "It is a general rule that upon [a] conveyance of property the law implies a grant of all incidents [which] rightfully belong[] to that property at the time of [the] conveyance and which are essential to the full and perfect enjoyment of the property."  
Bishop v. Village of Brookfield
, 99 Ill. App. 3d 483, 490, 425 N.E.2d 1113, 1118-19 (1981).  It is not required that the easement claimed by the grantee be necessary for the enjoyment of the estate granted, but it is merely sufficient if it is highly convenient and beneficial to the estate granted.  
Koubenec v. Moore
, 399 Ill. 620, 625, 78 N.E.2d 234, 237 (1948).

In this case, the Bohns owned the entire estate, including the man-made lake, prior to 1980.  It is evident that the lake was created to benefit the land which surrounded it.  Those tracts of land that border the lake derive open and visible benefits from the lake.  The lake provides opportunities for recreational uses such as swimming, fishing, and boating.  The Bohns divided the estate into several tracts of land, and each tract bordered the lake.  They sold one of those tracts to defendant without mentioning the incidental right to use the lake in the conveyance documents.  At the time of the sale, the use of the lake for recreational purposes was established, was visible to anyone dealing with the property, and conferred a considerable benefit upon the tract purchased by defendant.  In our view, the right to the recreational use of the lake is essential to the beneficial enjoyment of the tracts that border it.  The purchase of the property is as much for the right to use the lake as for the land itself.  Accordingly, we find that plaintiffs' property was subject to an easement for the benefit of the Hoyer tract and that beneficial right to the use of the lake for recreational purposes passed with the conveyance of that tract to defendant.  See
 Koubenec
, 399 Ill. at 624, 78 N.E.2d at 236; 
Gulick
, 287 Ill. at 373, 122 N.E. at 539.  

With regard to the use of easements, there is a principle of concurrent use, rather than exclusive use.  
McMahon v. Hines,
 298 Ill. App. 3d 231, 239, 697 N.E.2d 1199, 1206 (1998).  The owner of the servient estate must not interfere with the use of the easement by the dominant estate, and the owner of the dominant estate cannot materially alter the easement so as to place a greater burden on the servient estate or otherwise interfere with the use or enjoyment of the servient estate by its owner.  
McMahon,
 298 Ill. App. 3d at 239, 697 N.E.2d at 1206.  The use of an easement by both landowners must be permitted in accordance with their individual interests.  
Keessen v. Zarattini
, 119 Ill. App. 2d 284, 292, 256 N.E.2d 377, 382 (1969).

In this case, plaintiffs have set up a catfish farm at one end of the lake and have obtained a permit to conduct this operation.  The catfish are contained in a penned area across the lake from defendant's property.  There is no allegation or evidence that this use interferes with defendant's right to use the lake for fishing, swimming, or boating activities.  We have determined that it is possible to permit the parties to concurrently use the lake without hindering their individual interests.  Accordingly, defendant is prohibited from interfering with the operation of plaintiffs' catfish farm and prohibited from fishing in or taking fish from the penned-in area of the lake, but in all other respects defendant may continue to exercise his right to use the lake for boating, fishing, and other recreational purposes.  Plaintiffs may continue to operate their catfish farm, but they are prohibited from expanding the area of the catfish farm and conducting those operations in a manner that interferes with the reasonable recreational use of the lake by defendant.

For the reasons stated above, the judgment of the trial court is affirmed as modified.

Affirmed as modified.

GOLDENHERSH and HOPKINS, JJ., concur.

NO. 5-00-0336

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

DELPHIN P. ROKETA and ALICE G. ) Appeal from the

ROKETA, ) Circuit Court of

) Effingham County.

Plaintiffs-Appellants, )

)

) No.  99-CH-22

)

RALPH W. HOYER, ) Honorable

) Steven P. Seymour,

Defendant-Appellee. ) Judge, presiding.

___________________________________________________________________________

Opinion Filed
: January 25, 2002

___________________________________________________________________________

Justices
: Honorable Gordon E. Maag, P.J.

Honorable Richard P. Goldenhersh, J.

Honorable Terrence J. Hopkins, J.

Concur

___________________________________________________________________________

Attorney
 James F. Jarrett, Schniederjon, Weber & Jarrett, 304 E. Jefferson,

for
 P.O. Box 1108, Effingham, IL  62401

Appellants
 

___________________________________________________________________________

Attorney
 Lou J. Viverito, Taylor Law Offices, P.C., 122 East Washington Avenue,

for
 P.O. Box 668, Effingham, IL  62401

Appellee
 

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 01/25/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.