(No. 33464.

THOMAS W. BURROWS *et al.*, Appellants, *vs.* BURTON W. PALMER *et al.*, Appellees.

*Opinion filed March 24, 1955.*

POOL & LANGER, of Ottawa, for appellants.

ALFRED ROY HULBERT, of Chicago, and ROBERT J. SINON, of Ottawa, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County which dismissed the complaint of plaintiffs-appellants for want of proper parties plaintiff.

The plaintiffs, who are minor children of Margaret Burrows and grandchildren of Mary F. Palmer, deceased, filed their complaint on November 9, 1953, by their father and next friend, Samuel J. Burrows.

The complaint alleges the following: The plaintiffs' grandmother, Mary F. Palmer, died testate on March 6, 1943, leaving Margaret Burrows (a daughter) and Burton W. Palmer (a son) as her only heirs-at-law. Her will was admitted to probate in La Salle County on April 30, 1943, and Burton W. Palmer qualified as executor. By the sixth clause of her will the testatrix devised the residue of her estate to Burton W. Palmer and Margaret Burrows as trustees for certain express purposes. The trustees were directed to pay the net income from the trust estate to one Agnes Palmer during her lifetime. Upon her death the trust was to terminate and the net estate distributed as follows: (a) two thirds to Margaret Burrows, or in case she is not living at that time, to the heirs of her body; and (b) one third to Burton W. Palmer, and in case he is not living at that time, to his wife, Helen Palmer, and in case she is not living at that time, then to the heirs of the body of Burton W. Palmer then surviving and if he leaves no heirs of his body then surviving, then to the children of Margaret Burrows.

It is further alleged that, upon final settlement of the estate, Burton W. Palmer, as executor, purported to transfer to himself and Margaret Burrows, as trustees, certain of his personal notes amounting to $9261.44, which notes were to comprise the *corpus* of the trust estate. The plaintiffs were not notified of this proceeding, and they were not represented by a guardian *ad litem*.

The complaint also charges that on April 27, 1936, Mary F. Palmer was the owner of two lots in the city of Ottawa, upon which were situated two three-story apartment buildings valued at more than $100,000. At that time she was in financial difficulty, and there was an outstanding mortgage on this property of $52,000. She was then a widow sixty years of age and physically unable to personally care for, rent, manage and control said property, and, although the property was good security for her out-

standing indebtedness, it was impossible for her to borrow money to liquidate her indebtedness by reason of her advanced age and physical condition. Because of this she conveyed legal title to the property to her son, Burton W. Palmer, who was thirty-five years of age, in good physical health and possessed of the personal qualifications for securing a mortgage loan. Said conveyance was made on April 27, 1936, by warranty deed, for the purpose of mortgaging the property and borrowing the necessary money to pay her existing debts. At the same time, Margaret Burrows and her husband, Samuel J. Burrows, executed a quitclaim deed to Burton W. Palmer, conveying all of their interest in said property for the purpose of aiding him in negotiating the loan on the property. Both deeds were executed and delivered to Burton W. Palmer without consideration and solely because of the necessity of the situation. Mary F. Palmer retained the beneficial ownership of said property, and Burton W. Palmer acquired and held the legal title as trustee for her use and benefit. On the same day, Burton W. Palmer and his wife borrowed $49,000 from the First Federal Savings & Loan Association of Ottawa, and as security therefor executed and delivered a mortgage on said property.

Thereafter, it is alleged, Burton W. Palmer operated, managed and controlled said premises. He collected rentals and paid taxes and costs of maintenance until Mary F. Palmer's death on March 6, 1943. Out of the net income he paid her a sufficient sum for her support and maintenance and retained a sufficient amount to support himself and his wife. The remainder of the net income was applied upon the mortgage indebtedness and upon mortgages which were subsequently given by him in refinancing the debt. At the time of the testatrix's death, the principal of said indebtedness remaining unpaid was approximately $20,000. For many years prior to April 27, 1936, Burton W. Palmer had taken care of all of his mother's business affairs and

had operated, managed and controlled said property, and so continued until her death. During all of this time a confidential and fiduciary relationship existed between them.

Finally, it is charged that the failure of Burton W. Palmer to inventory said premises as assets of the estate of Mary F. Palmer was a fraud upon the plaintiffs; that the said notes of Burton W. Palmer do not constitute the *corpus* of the trust estate established by Mary F. Palmer's will, but that the assets thereof consist of said described premises, subject to the unpaid portion of the mortgage thereon at the time of her death; and that since the death of Mary F. Palmer, Burton W. Palmer has retained possession of said premises, collected the income therefrom, appropriated the income to his own use, except that he has permitted Agnes Palmer to occupy living quarters in one of the buildings and has paid her a sufficient sum to procure the bare necessities of life.

The plaintiffs asked the following relief: (a) that the defendant, Burton W. Palmer, be disqualified as trustee; (b) that the court decree that Burton W. Palmer is seized and possessed of the legal title to the apartment buildings as trustee, and that he be required to convey such legal title to Margaret Burrows as sole trustee; (c) that the court ascertain and determine the assets of the trust under the will of Mary F. Palmer, deceased; (d) that the court take jurisdiction of the trust for the future administration thereof; and (e) that the plaintiffs have such other and further relief as equity may require.

Named as defendants were Burton W. Palmer and Margaret Burrows, individually and as trustees under the will of Mary F. Palmer, Agnes Palmer, Helen Palmer and Dorothy Palmer. Helen Palmer is Burton W. Palmer's former wife, and Dorothy Palmer is his present wife.

Margaret Burrows filed an answer in which she admitted the allegations of the complaint. Agnes Palmer filed an answer, which among other things denied that

Mary F. Palmer was seized and possessed of any title whatsoever in said premises at the time of her death. Burton W. Palmer first filed an answer to the complaint, but was granted leave to withdraw his answer and file a motion to dismiss. In his motion to dismiss he alleged that it appears on the face of the complaint that the two trustees of the trust are still living, and the only beneficiary of the trust is still living; that the minor plaintiffs do not, cannot, and will not inherit any portion of the trust property so long as Agnes Palmer is alive, and as long as their mother, Margaret Burrows, is alive, and as long as Burton W. Palmer is alive; and that upon the death of Agnes Palmer, if Margaret Burrows, mother of the minor plaintiffs, and Burton W. Palmer are living, the assets of the trust will be immediately dissipated, and the minors, therefore, have no claim under the provisions of this will, nor a right to bring or maintain this suit.

The court granted the motion to dismiss, stating in a written opinion that the plaintiffs have no legal right to bring the suit since they have no present substantial interest in the trust.

On this appeal, the plaintiffs assert that they have a contingent interest in the trust property under the express provisions of the sixth clause of the will of Mary F. Palmer, and as contingent remaindermen they have sufficient interest in the property to entitle them to bring the instant suit to protect and preserve this interest.

The defendants (Burton W. Palmer, Agnes Palmer and Dorothy Palmer) contend that these plaintiffs are not proper parties to bring the action. It is argued that they have no actual present existing interest in the trust *corpus,* but only a mere expectancy of future contingent interest. Moreover, it is asserted that contingent remaindermen have no title on which to base a complaint against a trustee, except for waste, mismanagement and dissipation of assets, and the complaint does not charge such wrongful conduct on the part of the trustees.

The lack of proper parties plaintiff is the only ground specified in the motion to dismiss, and counsel for the defendant Burton W. Palmer stated in argument that were the suit brought by parties having a vested interest no such motion would have been filed. Therefore, the scope of our inquiry is limited to the issue of whether the plaintiffs have sufficient interest to entitle them to maintain the action.

In general, a trust beneficiary is entitled to such equitable relief as will protect his interest in the trust property when such interest is endangered by the wrongful acts of the trustee. The Restatement of the Law of Trusts, section 199, provides: "The beneficiary of a trust can maintain a suit (a) to compel the trustee to perform his duties as trustee; (b) to enjoin the trustee from committing a breach of trust; (c) to compel the trustee to redress a breach of trust; (d) to appoint a receiver to take possession of the trust; (e) to remove the trustee." See also Bogert, Trusts and Trustees, volume 4, part 1, section 861. 39 Cyclopedia of Law and Procedure, Trusts, reads at pages 509-10: "When it becomes necessary for the protection of the rights or interests of a cestui que trust equity will aid him, not only by declaring or establishing a trust in his favor, but also in a proper case by establishing an implied trust. * * * Equity will not compel a trustee to take upon himself the burdens of a trust; but where the trust has been declared or established or the trustee has accepted the trust, equity, so long as it is possible for it to do so, will not permit the trustee to defeat the trust by his wrongful acts, or failure or refusal to act, but will afford relief by compelling a faithful execution of the trust for the preservation and enforcement of rights depending upon and derivable from it."

Moreover, said remedies are ordinarily available to one having only a contingent or future interest in the trust property adversely affected by the wrongful acts of the trustee. The Restatement of the Law of Trusts, section 214(1), provides: "If there are several beneficiaries of a

trust any beneficiary can maintain a suit against the trustee to enforce the duties of the trustee to him or to enjoin or obtain redress for a breach of the trustee's duties to him." In commenting upon this section, the authors of the Restatement said the rule is applicable to beneficiaries who have contingent as well as vested interests. In 144 A.L.R. at pages 791-4 the annotator states: "In addition to possible right to injunctive relief, the peculiar remedies afforded by equity to trust beneficiaries are commonly available to one having a contingent or future interest in trust property adversely affected by the wrongful acts of the trustee or another. The relief may be given by compelling an accounting (especially where a statute clearly gives this right) or inventory, by removal of defaulting trustees and substitution of new ones, by requiring the trustee to post security, or generally by proper execution of the trust and preservation or restoration of the trust property." See also Scott on Trusts, volume 2, section 214.

In the recent case of *Barnhart* v. *Barnhart,* 415 Ill. 303, we stated that a contingent beneficiary should not be denied the right to bring an action against the trustees merely because his interest is remote and contingent, but that he should have the right to such relief as is necessary to protect his possible eventual interest, *i.e.,* protect and preserve the trust *res.* A trustee owes the same fiduciary duty to a contingent beneficiary as to one with a vested interest in so far as necessary for the protection of the contingent beneficiary's rights in the trust property. *Shaw* v. *Weiss,* 339 Ill. App. 630, 642; cf. *Ohio Oil Co.* v. *Daughetee,* 240 Ill. 361, 368.

In this case, the plaintiffs are beneficiaries of the trust created by Mary F. Palmer in the sixth clause of her will. As such, they have an interest in the trust property, although their interest is contingent and may not vest in possession. According to the allegations of the complaint, Burton W. Palmer, a trustee, has appropriated to his own

use substantial real property which should be included in the trust estate. What interest these plaintiffs allegedly have in that property is clearly being endangered by his wrongful refusal to administer upon the property in accordance with the terms of the will. We are of the opinion, therefore, that the plaintiffs were entitled to maintain this action in equity in order to establish the trust in said property and to secure other relief reasonably necessary to protect and preserve said inheritance for its eventual owners.

The trial court erroneously allowed the motion to dismiss; hence, its order of dismissal is reversed and the cause is remanded to the circuit court of La Salle County, with directions to overrule the motion to dismiss the complaint.

*Reversed and remanded, with directions.*