Ellen Swartz GODFREY, as Trustee of the William Swartz Trust dated May 26, 1983, Plaintiff–Appellant,

v.

Chester T. KAMIN, Herbert B. Olfson, and Jenner & Block, an Illinois partnership and an Illinois limited liability company, Defendants–Appellees.

No. 02–3513.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 2003.

Decided April 1, 2003.

Before BAUER, COFFEY, and MANION, Circuit Judges.

### ORDER

Ellen Swartz Godfrey, as trustee of the William Swartz Trust ("Trust"), sued the Trust's former trustees, alleging various state law claims. The district court granted the defendants summary judgment, concluding that Godfrey lacked standing to sue because the suit was not joined by the Trust's co-trustee, or alternatively that her claims were barred by the statute of limi-

tations, laches, or on the merits. Godfrey appeals. We affirm.

## I.

Before William Swartz's death in November 1987, he established the William Swartz Trust ("Trust"). The terms of the Trust provided that upon William's death, his wife, Mary Swartz, was to receive all trust income during her lifetime and as much principal as necessary for her support and care, as determined by the trustees. The Trust further provided that on Mary's death, their two daughters, Ellen Swartz Godfrey and Diane Swartz Williams, and their son, Robert Swartz, would divide equally the remaining Trust assets.

During his lifetime, William served as the sole trustee of the Trust. After his death, pursuant to the terms of the Trust, Herbert Olfson, a partner in the law firm of Jenner & Block, and Robert Swartz, William's son, were named co-trustees of the Trust. In 1991, Olfson suffered a stroke and was replaced under the terms of the Trust by Chester Kamin, another partner at Jenner & Block. Kamin remained as co-trustee (along with Robert) for about five years.

Over time, various disputes arose as to the handling of the Trust. This prompted Kamin in April 1997 to send a letter to Godfrey and Williams stating that he had agreed to become the successor co-trustee of the Trust because of the long-standing relationship between Jenner & Block and the family and because of his understanding that the family was in agreement as to how the Trust would be administered. However, Kamin stated that he was resigning as co-trustee due to Godfrey and Diane's threats of litigation and the "disharmony" in the family. Godfrey and Williams did not respond, so Kamin sent a second letter confirming his resignation.

After Kamin resigned, Robert remained a trustee and Harris Bank was appointed as a corporate co-trustee, pursuant to the terms of the Trust. Godfrey and Williams then filed suit against Kamin, Olfson and Jenner & Block, seeking an accounting and alleging that the defendants breached their fiduciary duties to the Trust by: (1) investing the fund exclusively in municipal bonds and related instruments; (2) making imprudent loans; and (3) engaging in improper transactions. This court held that since Godfrey and Diane were only contingent remainder beneficiaries of the trust, they lacked standing to sue. *Godfrey v. Kamin,* 19 Fed.Appx. 435 (7th Cir.2001).

Following the dismissal of that suit, both Robert and Harris Bank resigned as trustees of the Trust. Godfrey was then appointed as the successor individual trustee on May 2, 2001. In that capacity, she filed the present suit on May 8, 2001. This suit alleges the same breach of fiduciary duty claims as the suit she had filed as a contingent beneficiary. After she filed suit, on July 23, 2001, Comerica Bank was appointed as the successor corporate co-trustee. The defendants then filed a motion for summary judgment, arguing that Godfrey lacked standing to sue because the corporate trustee did not authorize this suit. Alternatively the defendants maintain that Godfrey's suit is barred based on the statute of limitations, laches, or based on Godfrey's consent to the trustee's alleged inappropriate conduct. The district court granted the defendants summary judgment, first concluding that Godfrey lacked standing to sue, but also ruling alternatively that her claims were barred by the statute of limitations and laches, and on the merits. Godfrey appeals.

## II.

Under Illinois law, which the parties agree applies, "a co-trustee cannot exer-

cise a joint power individually." *Madden v. University Club of Evanston,* 97 Ill. App.3d 330, 52 Ill.Dec. 963, 422 N.E.2d 1172, 1174 (1981). The right to sue on behalf of a trust is one such joint power. *Id.* Thus, in *Madden,* the court held that a co-trustee did not have standing to pursue a claim on behalf of the trust where the other co-trustees had not authorized the litigation. *Id.*

■ Godfrey does not dispute this law, but instead argues that because at the time that she filed suit on behalf of the Trust she was the *only* trustee in place, she could maintain the action on her own. That would be true if the trust at issue in this case did not mandate the appointment of a successor corporate trustee. As the court in *Rubinson v. Rubinson,* 250 Ill. App.3d 206, 190 Ill.Dec. 10, 620 N.E.2d 1271, 1278 (1993), stated:

> Illinois law has long held that if two or more persons are named as trustee and one or more of them fails to become trustee or dies, resigns, is removed or otherwise ceases to be trustee, the power conferred upon the trustees can properly be exercised by the remaining trustee or trustees, unless it is otherwise provided by the terms of the trust.

(Internal quotations omitted.)

The court in *Rubinson* further explained this point, noting that "[o]ur supreme court has construed this rule to allow a surviving trustee to act alone where, as here, the trust instrument initially names two trustees and authorizes the naming of successor trustees." *Id.* But that "where the terms of the trust *imperatively* require that a vacancy of a co-trustee be filled, ... [the] court [will] invalidate the actions of the surviving trustee who acts prior to the appointment of a successor trustee." *Id.* (emphasis added). Thus, under Illinois law, whether a co-trustee may act unilaterally prior to the appointment of a succes-

sor co-trustee depends on whether the appointment is mandated under the terms of the trust. *Id. See also, First National Bank of Chicago v. Edgeworth,* 94 Ill. App.3d 873, 50 Ill.Dec. 264, 419 N.E.2d 372, 378 (1981) ("It is only when the terms of the power creating the trust imperatively require the vacancy to be filled, that the acts of the survivors will be held invalid.") (quoting *Golder v. Bressler,* 105 Ill. 419 (1883)). Accordingly, we turn to the terms of the Trust agreement.

After William's death, the Trust agreement provided for two trustees, a family trustee and a professional trustee. The initial family trustee was Robert, and in the event that Robert ceases to continue to act as a trustee, the Trust appointed Godfrey and Williams as a successor trustee, if either or both are "able and willing to act" in such capacity. The Trust then provided that "if for any reason neither of them acts or continues to act as trustee, that vacancy shall not be filled." As to the professional trustee, as noted above, the Trust appointed Olfson. The Trust then stated:

> If HERBERT B. OLFSON is removed as a trustee or if for any other reason he does not act or continue to act as a trustee, his successor shall be CHESTER T. KAMIN, and if CHESTER T. KAMIN is removed as a trustee or if for any other reason he does not act or continue to act as a trustee, his successor shall be HARRIS TRUST AND SAVINGS BANK. If HARRIS TRUST AND SAVINGS BANK or any successor corporate trustee is removed as a trustee or for any other reason does not act or continue to act as such, a successor corporate trustee *shall* be appointed as provided in the Illinois Trusts and Trustees Act ...

(Emphasis added.)

Thus, under the terms of the Trust, a successor family trustee was not required

to be appointed, but a successor corporate trustee "shall" be appointed. As the court in *Edgeworth* explained, "[i]t has been held that '[g]enerally, the use of the word 'shall' is regarded as indicative of a mandatory intent.'" 50 Ill.Dec. 264, 419 N.E.2d at 378 (*quoting People v. Youngbey*, 82 Ill.2d 556, 45 Ill.Dec. 938, 413 N.E.2d 416, 419 (1980)). Accordingly, the court in *Edgeworth* concluded that the "shall be appointed" language in the trust at issue in that case imperatively required the appointment of a successor trustee, and that the surviving co-trustees' actions during the vacancy were invalid. 50 Ill.Dec. 264, 419 N.E.2d at 378. Similarly, in this case, because the Trust agreement stated that a "successor corporate trustee *shall* be appointed," a corporate co-trustee was an imperative, and Godfrey lacked standing to bring this suit on behalf of the Trust on her own.

■ In response, Godfrey claims that because, following Comerica's appointment as co-trustee, Comerica acknowledged its knowledge of this suit and did not object to it, it has ratified the suit. However, Comerica's failure to object to this litigation is insufficient under the terms of the Trust to allow Godfrey to represent the Trust unilaterally. Specifically, the Trust provides "[a]ny trustee may from time to time, by signed revocable instrument, delegate to one or more of the other trustees the exercise of all or less than all of the powers conferred upon the trustees jointly." Because Comerica did not sign a revocable instrument delegating authority to Godfrey to sue on behalf of the Trust, "its

acquiescence," as Godfrey puts it, is insufficient to grant Godfrey standing.

■ Godfrey next responds by quoting 760 ILSC 5/13 of the Illinois Trusts and Trustees Act, which provides that "[i]n the event of the death, resignation, or refusal or inability to act of any trustee: (1) the remaining trustee, if any, shall continue to act, with all the rights, powers and duties, of all of the trustees." 760 ILCS 5/13. However, that section only applies in absence of contrary Trust provisions. *See* 760 ILCS 5/3 ("A person establishing a trust may specify in the instrument the rights, powers, duties, limitations and immunities applicable to the trustee, beneficiary and others and those provisions where not otherwise contrary to law shall control, notwithstanding this Act."). Accordingly, because the Trust in this case mandated the appointment of a successor trustee, 760 ILCS 5/13, does not authorize Godfrey's unilateral action.

Finally, Godfrey makes the practical argument that prohibiting her from acting on behalf of the Trust prior to the appointment of a successor co-trustee would mean that the Trust could not pay taxes, file a tax return, or even file for an extension to file taxes. Obviously, there are some functions that timing may necessitate the unilateral action by a co-trustee, and in those cases, Illinois law may mandate a different outcome.[1] However, we are not faced with those circumstances in this case, and because this is an issue of state law, we decline to enter that fray. Rather, applying the principles of Illinois law set forth above, we conclude that since the Trust agreement mandated the appointment of a

---

1. Godfrey also claims prohibiting her from filing suit on behalf of the Trust would prevent the Trust from being able to file suit against the defendants before the statute of limitations expired. Had Comerica wished to authorize this suit, it could have done so after Godfrey filed it. Alternatively, she may have had an equitable argument for tolling the statute of limitations until the co-trustee was appointed. However, in this case, since Comerica has not authorized the suit, we need not consider Godfrey's statute of limitations argument.

successor corporate trustee, Godfrey could not, individually, file suit on behalf of the Trust. Accordingly, we AFFIRM the district court's decision granting the defendants summary judgment because Godfrey lacked standing.[2]

---

**2.** Moreover, we agree with the district court's alternative grounds for ruling in favor of the defendants, but need not further analyze those issues because we conclude Godfrey lacked standing to sue in the first instance.